FILED'08 OCT 10 10:10USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS DILLS,                                    CV. 07-972 AC

              Plaintiff,              FINDINGS AND RECOMMENDATION

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.


ACOSTA, Magistrate Judge:

Plaintiff Douglas Dills ("Dills") brings this action pursuant to the Social Security Act, 42 USC § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act, and for Supplemental Security Income ("SSI") benefits under Title XVI. For the reasons set forth below, the decision of the Commissioner should be reversed and this matter should be remanded for further administrative proceedings.

1 - FINDINGS AND RECOMMENDATION

## PROCEDURAL BACKGROUND

Plaintiff filed his application on September 20, 2004, alleging disability from August 26, 2004, due to spinal cord and leg injury, right arm problems, and vision problems. His application was denied initially and upon reconsideration. On October 16, 2006, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated January 12, 2007, the ALJ found plaintiff was not entitled to benefits. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995), *cert. denied*, 517 US 1122 (1996). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F2d 841, 849 (9th Cir 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 USC § 405(g); *see also Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). The Commissioner's decision must

be upheld, however, if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 CFR §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in *Tackett v. Apfel*, 180 F3d 1094, 1098-99 (9th Cir 1999):

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 CFR §§ 404.1520(b), 416.920(b).

Step Two. The Commissioner determines whether claimant has one or more severe impairments. If not, claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three. 20 CFR §§ 404.1520(c), 416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration ("SSA") regulations, 20 CFR Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds under step four. 20 CFR §§ 404.1520(d), 416.920(d).

If the analysis proceeds beyond step three, the Commissioner must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing

3 - FINDINGS AND RECOMMENDATION

basis, despite limitations imposed by his impairments.  20 CFR § 404.1520(e), Social Security

Ruling ("SSR") 96-8p.

Step Four.  The Commissioner determines whether claimant is able to perform work he or

she has done in the past.  If so, claimant is not disabled.  If claimant demonstrates he or she cannot

do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under

step five.  20 CFR §§ 404.1520(e), 416.920(e).

Step Five.  The Commissioner determines whether claimant is able to do any other work.

If not, claimant is disabled.  If the Commissioner finds claimant is able to do other work, the

Commissioner must show a significant number of jobs exist in the national economy that claimant

can do.  The Commissioner may satisfy this burden through the testimony of a vocational expert

("VE") or by reference to the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P,

Appendix 2.  If the Commissioner demonstrates a significant number of jobs exist in the national

economy that claimant can do, claimant is not disabled.  If the Commissioner does not meet this

burden, claimant is disabled.  20 CFR §§ 404.1520(f)(1), 416.920(f)(1).

At steps one through four, the burden of proof is on the claimant.  *Tackett*, 180 F3d at 1098.

At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that

exist in significant numbers in the national economy.  *Id.*

## ALJ's DECISION

At step one, the ALJ found Dills has not engaged in substantial gainful activity since the

alleged onset of his disability.  This finding is not in dispute.

At step two, the ALJ found Dills has the medically determinable severe impairments of

cervical spine disc issues and lumbar spine disc issues.  Dills contends that the ALJ erred by failing

to find depression, radiculopathy, herniated discs, bursitis, and osteoarthritis also to be severe impairments.

At step three, the ALJ found that Dills's impairments do not meet or medically equal the criteria of any listed impairments. This finding is in dispute.

The ALJ found that Dills retains the residual functional capacity to perform light exertion work, and that he can occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and/or walk for six hours in an eight hour day, and sit for six hours in an eight hour day. Residual hand and arm pain from spinal issues limited Dills's ability to do sustained overhead work. This finding is in dispute.

At step four, the ALJ found that Dills can not perform his past relevant work. This finding is not in dispute.

At step five, the ALJ found that Dills is capable of performing other jobs that exist in substantial numbers in the national economy, based on the Medical-Vocational Guidelines, and therefore is not disabled. This finding is in dispute.

## DISCUSSION

Dills contends that the ALJ erred by: (1) applying an incorrect legal standard; (2) failing to identify additional severe impairments; (3) rejecting the opinion of a reviewing physician; (4) failing to consider a psychological basis for pain; and (5) finding him not fully credible. Dills argues that his condition met or equaled the criteria of an impairment listed in 20 CFR pt. 404, subpt. P, app.1 (the Listings), but does not identify the Listing in question, or identify any evidence on that issue. The court declines to do so for him.

5 - FINDINGS AND RECOMMENDATION

I. The ALJ Applied an Incorrect Legal Standard

       Dills argues that the ALJ applied an incorrect legal standard, citing the ALJ's comment that

evidence did "not support that claimant *cannot work at all*." Tr. 22 (italics added).

       The ALJ wrote:

> A lumbar CT showed post-operative changes at L4-5 which could
> account entirely for the myelographic abnormality identified on the
> lumbar myelogram, but focal right lateral disc recurrence could not
> be excluded as disc density could not be differentiated from epidural
> scar density which was well demonstrated on the March 2005 lumbar
> study [citation omitted].  Weight is given to these findings, but they
> do not support that claimant cannot work at all.

*Id.*

       Dills correctly points out that the applicable standard is not whether a claimant is completely

unable to work at any job, but whether a claimant's impairments preclude substantial gainful activity

on a sustained basis.  At several points in his decision, the ALJ refers to Dills's claim of "complete

disability" (*see, e.g.*, Tr. 18) and the ALJ's analysis appears to center on that claim.  *Id.*; *see also* Tr.

22, 23.  Viewing the ALJ's decision objectively, it is unclear that the ALJ analyzed Dills's claims

fully under the correct standard.  On remand, the ALJ should clearly articulate that Dills's disability

claims are being considered in the context of Dills's ability to engage in employment on a sustained

basis.

II. The ALJ Did Not Err at Step Two

       At step two, the ALJ determines whether the claimant has a medically severe impairment or

combination of impairments.  *Bowen v. Yuckert,* 482 US 137, 140-41 (1987).  The Social Security

Regulations and Rulings, as well as case law applying them, discuss the step two severity

determination in terms of what is "not severe." According to the regulations, "an impairment is not

severe if it does not significantly limit [the claimant's] physical ability to do basic work activities."

20 CFR § 404.1521(a). Basic work activities are "abilities and aptitudes necessary to do most jobs,

including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or

handling." 20 CFR § 404.1521(b).

The step two inquiry is a *de minimis* screening device to dispose of groundless claims.

*Yuckert,* 482 US at 153-54. An impairment or combination of impairments can be found "not

severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect

on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen,* 841 F2d 303, 306 (9th Cir

1988) (adopting SSR 85-28). A physical or mental impairment must be established by medical

evidence consisting of signs, symptoms, and laboratory findings, and cannot be established on the

basis of a claimant's symptoms alone. 20 CFR § 404.1508.

An impairment is "severe" if it "significantly limits your ability to do basic work activities."

20 CFR § 404.1520(c), *see* also 20 CFR § 404.1521. Such an impairment must last, or be expected

to last, twelve months. 20 CFR § 404.1509.

The ALJ's development of the RFC and analysis at steps four and five must include

consideration of limitations caused by all of a claimant's impairments, both severe and non-severe.

20 CFR § 404.1545(a)(2).

Dills contends that the ALJ erred by failing to find his depression, radiculopathy, herniated

discs, bursitis, and osteoarthritis to be severe impairments. Because the ALJ found that Dills has

severe impairments at step two and continued the analysis, any omission regarding a step two

severity finding is harmless. *Lewis v. Astrue,* 498 F3d 909, 911 (9th Cir 2007). The issue is whether

the ALJ properly considered limitations arising from all of Dills's medically documented

7 - FINDINGS AND RECOMMENDATION

impairments in determining his RFC. As set out below, the ALJ erred in rejecting some evidence of limitations, and therefore must redetermine Dills's RFC on remand.

III. The ALJ Erred in His Rejection of the Opinion of the Reviewing Physician

Robert G. Hoskins, M.D., reviewed Dills's medical record on January 11, 2005, and opined that he should never be required to balance, and that he should only occasionally climb, stoop, kneel, crouch or crawl. Tr. 126. As to Dr. Hoskins's opinion, the ALJ said "[T]his is given some weight but the bulk of the record shows that claimant can do almost a full range of light work." Tr. 20.

The ALJ may not reject an uncontradicted medical opinion without clear and convincing reasons. *Bilby v. Schweiker,* 762 F2d 716 (9th Cir 1985). The Commissioner contends that Dr. Hoskins's opinion is contradicted by objective tests with normal or minimal findings, citing nerve conduction studies performed on October 9, 2004. Tr. 146. However, those studies showed that, as to the upper extremities, "left and right ulnar sensory response amplitudes are low. This finding is consistent with a left and right ulnar sensory neuropathy with axonal loss." *Id.* As to the lower extremities, the studies were consistent with a mild bilateral L5 radiculopathy.

The Commissioner cites evidence of a normal MRI scan of the lumbar spine, but fails to note that the same physician's record contains a recommendation that an MRI be obtained of the cervical spine. Tr. 190. The Commissioner cites the May 2005 emergency room visit for headache and passing out, during which an EKG and CT scan of Dills's head were normal. Tr. 254-59. The Commissioner cites a normal ENG study of the right shoulder. Tr. 176. None of these test results are inconsistent with Dr. Hoskins's assessed postural limitations.

Dr. Hoskins's opinion as to Dills's postural limitations is uncontradicted. The ALJ's assertion that the 'bulk of the record' supports rejecting that opinion is vague and not clear and convincing.

## IV.  The ALJ Did Not Err by Failing to Consider A Psychological Basis for Pain

Dills argues that the ALJ erred by failing to consider that there may be a psychological basis for his pain, and by failing to find depression to be a severe impairment. Dills does not identify any physical or mental limitations arising from depression. He did not allege depression or any other mental impairments when he filed his initial claim or his request for reconsideration. Tr. 92, 75. He testified that he took Paxil to calm himself because he had no patience. Tr. 443. Dills has not met his burden of establishing that he had a medically determinable mental impairment. The ALJ did not err in his assessment of Dill's depression claim.

Dills argues that the ALJ erred by failing to develop the record. He contends that the ALJ should have referred him for a psychological or mental health evaluation. The ALJ's duty to develop the record arises when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F3d 453, 459-60 (9th Cir 2001); 20 CFR §§ 404.1512(e), 416.912(e). However, the ALJ has no duty to continually develop the record until disability is established. Here, at best, Dills's record is vague on whether he has a psychological condition that explains his pain; indeed, Dills never raised this issue in his application or request for reconsideration. He neither identifies a specific condition nor points to any ambiguity or inadequacy in the record that would trigger the ALJ's duty to inquire. Observations by Dills's health care providers of pain response disproportionate to objective medical findings is not evidence of a mental health condition.

9 - FINDINGS AND RECOMMENDATION

V. The ALJ Erred in Assessing Dills's Credibility

Dills testified that his most recent work was as a cashier/janitor/stocker/parking lot attendant. He lived with his aunt and uncle, who help him with activities like shaving, combing his hair in the back, doing laundry, and cooking. Tr. 431, 448. His uncle often drives him, and did so to the hearing. Tr. 440-41.

Dills stated that he has a limited ability to write because of arthritis in his right arm. Tr. 431. His aunt transcribes letters he dictates to his children. Tr. 441. He does not use the internet and does not have the strength to open the refrigerator door. Tr. 446. Dills testified that he cannot stand in one place for more than 15-20 minutes before he has to walk around. Tr. 435. He cannot sit for long before he needs to get up and stretch. Tr. 442. He takes Paxil, Oxycodone, and Gabapentin. Tr. 443.

The ALJ found that Dills's medically determinable impairments could reasonably be expected to produce some of his alleged symptoms, "but that the claimants statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. 18. The ALJ stated that Dills's claims are not supported by the objective medical evidence, the medical opinion evidence, and that his credibility was impuned by inconsistent statements and motivational issues.

The ALJ stated that, after claimant's workplace injury, "claimant quickly decided that he could not work and applied for public benefits and Social Security disability in September 2004. I note that claimant decided that he was disabled without trying any physical therapy or rehabilitation." Tr. 19. Dills applied for disability on September 20, 2004, a week after an MRI revealed a disc

extrusion from the midline to the left, and disc abnormalities with root compression at L4-5 and L5-S1. Tr. 159-60.

The ALJ noted that Gary J. McCallum, M.D., observed a limited range of motion in October 2004 that was not present when claimant was examined by Lanny M. Sokol, M.D., in September 2004. Tr. 130, 134.

The ALJ noted David Goldman, M.D., found his "sensory exam not reliable," though Dr. Goldman did not elaborate. Tr. 19, 139. The ALJ stated that exaggeration of symptoms negatively affects credibility. The ALJ cited Dr. Goldman's March 2005 note that he was concerned about Dills's "degree of effort" during the examination. Tr. 189.

The ALJ cited a June 2005 independent medical exam at which Dills was examined by an orthopedic surgeon and a neurosurgeon. Tr. 382-93. The doctors reported that Dills's "pain behavior is massive and marked." Tr. 390. They noted, as did the ALJ, that Dills's complained of "pain in every part of the examination and makes any definite assessment of any kind of neuro or ortho abnormalities practically impossible."

The ALJ cited a March 2006 chart note in which Dills complained that his right shoulder was "dead." However, the physician's assistant noted that Dills's range of motion was "wonderful" while removing his shirts, and limited on examination. Tr. 173. Very light touch to the clavicle and shoulder caused wincing with dramatic pain. *Id.*

The ALJ noted that Dills reported to various medical providers that he did, and did not, smoke cigarettes. Because there is no way of knowing whether Dills's reports were true, this is not a convincing reason to find him not credible.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F3d at 724. *See also Holohan v. Massinari,* 246 F3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms. [Footnote omitted]" *Smolen v. Chater,* 80 F3d 1273, 1281 (9th Cir 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be ex-*

*pected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F3d at 1282.

There is no evidence in the record of malingering. However, as set out above, the ALJ identified clear and convincing reasons, other than the inconsistent statements regarding smoking, to find Dills less than fully credible as to the extent of his limitations.

IV. Remand For Further Proceedings

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F3d 1172, 1178 (9th Cir.), *cert. denied,* 531 US 1038 (2000). The court's decision turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F2d 759, 763 (9th Cir 1989).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel,* 211 F3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.2.

The court has determined that the ALJ improperly rejected Dr. Hoskins's testimony as to Dills's limitations. However, if the court credits as true the diagnoses and findings of Dr. Hoskins, it still is not clear that Dills is entitled to benefits.

/ / /

## RECOMMENDATION

This matter should be remanded for further administrative proceedings consistent with these Findings and Judgment should be entered.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 23, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed a response to the objections is due November 6, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 9th day of October, 2008.

John V. Acosta
United States Magistrate Judge

14  - FINDINGS AND RECOMMENDATION